IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KELLEY S. STONE,

    Plaintiff,

v.  No. 10-1088

THE CITY OF GRAND JUNCTION, TENNESSEE,
and PAT RYAN and SUSAN TICE, individually,

    Defendants.

_____

ORDER DENYING MOTION OF DEFENDANTS CITY OF GRAND JUNCTION,
TENNESSEE AND PAT RYAN TO STAY THE MEDIATION AND TO ALLOW
THEM TO DEPOSE BILL STONE AFTER THE DISCOVERY DEADLINE
_____

    Before the Court is the motion of Defendants City of Grand Junction, Tennessee and Pat Ryan to stay the mediation set in this matter for March 24, 2011 and to permit them to depose the Plaintiff's father, Bill Stone, after the discovery deadline expires.[1]  The basis for the motion is the statement of the Plaintiff, Kelley S. Stone, in her recent deposition that her sister, Karen Stanley, is a pathological liar.  Stone had proffered Stanley's affidavit in response to the Defendants' pending motion for summary judgment for the purpose of creating a dispute of fact as to whether Ryan had probable cause to arrest the Plaintiff.  The Defendants advise the Court of their intention to move for dismissal of Stone's complaint on the grounds that, by acknowledging that one of her witnesses is a liar, she has committed a fraud on the Court.

    In her affidavit, Stanley maintained that, on July 30, 2008, she gave the keys to a white Buick to her mechanic, Robert Page, asking him to move it from Stone's home to his shop for repair.  (Aff.

---

[1] The deposition is set for March 28, 2011.

of Karen S. Stanley ¶ 9.)  Stanley testified that the car would not start and had a flat tire.  (Id.)  This statement was, however, corroborated by Page, who averred in his affidavit that Stanley gave him the keys to the vehicle, which was parked in Stone's driveway, on July 30, 2008 for the purpose of transporting it to his shop for repair.  (Aff. of Robert Page ¶¶ 5-6.)  He recalled that, upon arriving at Stone's residence to pick up the Buick, he found that it had a flat tire, a dead battery and an empty fuel tank.  (Id. ¶¶ 7-8.)  Page asserted that, since the car was not drivable, he arranged to have it towed to his shop, which did not occur until some weeks later.  (Id. ¶ 9.)  When the towing was completed, the automobile was in the same condition as it was on July 30, 2008.  (Id. ¶ 10.)

Based on Page's corroborating testimony, the Court finds that Stanley's affidavit is not so tainted as to warrant an order staying the imminent mediation or deposition of Mr. Stone, the Plaintiff's generalized charge that her sister is a pathological liar notwithstanding.  The motion is DENIED.

IT IS SO ORDERED this 23rd day of March 2011.

              s/ J. DANIEL BREEN
              UNITED STATES DISTRICT JUDGE