IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KELLEY S. STONE,

    Plaintiff,

v.  No. 10-1088

THE CITY OF GRAND JUNCTION, TENNESSEE,
and PAT RYAN and SUSAN TICE, individually,

    Defendants.

_____

ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER TO COMPEL TERRY D.
MATHEWS TO PRODUCE SUBPOENAED DOCUMENTS
_____

    Before the Court is the March 28, 2011 motion of the Plaintiff, Kelley S. Stone, for an order compelling Terry D. Mathews to produce subpoenaed documents. (D.E. 72.) The subpoena sought personal records for cell telephone number 731.610.4374 for the time periods of November through December 2007 and July through August 2008. According to the motion, Mathews returned the subpoena with a note attached which read: "I don't have the records you are asking for and subpoenaed or any further [sic] needs to be sent to my home of record in McNairy Co. and not my work place."

    Stone seeks relief under Rule 45(e) of the Federal Rules of Civil Procedure, which provides that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). It is the position of the Plaintiff that Mathews has no adequate excuse because she is aware "the phone service is through ATT and records are easily accessible." (Pl.'s Req. for Order to Compel Terry D. Mathews to Produc. Subpoenaed Docs. at 2.)

However, in order to impose the sanction set forth in Rule 45(e), "violation of a court order is generally required in addition to the failure to comply with the subpoena." Greer v. Home Realty Co. of Memphis, Inc., No. 07-2639-SHM-egb, 2009 WL 3757706, at *1 (W.D. Tenn. Apr. 8, 2009). In the absence of a prior court order, "the imposition of sanctions is not warranted." Id. Accordingly, the Plaintiff must seek an order compelling production before requesting imposition of a contempt sanction under Rule 45.

"[T]he reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." Laethem Equip. Co. v. Deere & Co., No. 05-CV-10113-BC, 2007 WL 2873981, at *4 (E.D. Mich. Sept. 24, 2007). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). "Perhaps the single most important word in Rule 26(b)(1) is 'relevant' for it is only relevant matter that may be the subject of discovery." Monsanto Co. v. Ralph, No. 01-MC-1004, 2001 WL 35957201, at *2 (W.D. Tenn. May 10, 2001). On the other hand, "[d]iscovery of matters not reasonably calculated to lead to the discovery of admissible evidence[ and, therefore, not relevant,] is beyond the scope of the Rule and may not be had." Id. (internal quotation marks omitted). Thus, only relevant evidence may be sought by way of subpoena. Id. at *3.

Here, the Plaintiff has offered no indication as to the connection Mathews or the phone records requested have to this case. "When the relevancy of information sought in discovery is not apparent, . . . it is the burden of the party seeking discovery to show the relevancy of the discovery request." Id. (internal quotation marks omitted). Based on her failure to establish the relevance of the materials referenced in the subpoena, Stone's request for an order compelling production thereof

2

is DENIED.

    IT IS SO ORDERED this 4th day of April 2011.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE
